# Violation Notice

Rev. 1/2020

| Location Code | Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|---|
| A106 | E 1027810 | G. Malloure | 357 |

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☐ USC ☐ State Code |
|---|---|
| 09/26/2021 0856 | 36 CFR 4.23 (a)(1) |

**Place of Offense:** Lees Ferry Paria Beach Parking Lot

**Offense Description; Factual Basis for Charge:** HAZMAT
Operating a motor vehicle under the influence of alcohol

### DEFENDANT INFORMATION

| Last Name | First Name | M.I. |
|---|---|---|
| SECKLETSTEWA | DARRYL | n/a |

Street Address: [redacted]

City: Phoenix | State: AZ | Zip Code: 85021 | Date of Birth: [redacted]/2064

Driver's License No: [redacted] | CDL ☐ | DL State: AZ | Social Security No: [redacted]8-0747

☒ Adult  ☐ Juvenile   Sex: ☒ Male ☐ Female   Hair: BRO   Eyes: BRO   Height: 5'06"   Weight: 155

### VEHICLE

| Tag No. | State | Year | Make/Model | PASS | Color |
|---|---|---|---|---|---|
| | AZ | 05 | Chevy PU | | White |

**A ☒ APPEARANCE IS REQUIRED** - If Box A is checked, you must appear in court. See instructions.

**B ☐ APPEARANCE IS OPTIONAL** - If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

$ _____ Forfeiture Amount
+ $30 Processing Fee

PAY THIS AMOUNT AT www.cvb.uscourts.gov → $ _____ Total Collateral Due

### YOUR COURT DATE

(If no court appearance date is shown, you will be notified of your appearance date by mail.)

Court Address: _____ | Date: _____ | Time: _____

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature

Original CVB Copy

---

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on 09/26, 20 21 while exercising my duties as a law enforcement officer in the _____ District of AZ

See Attached
- GSM

The foregoing statement is based upon
☒ my personal observation     ☒ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 09/26/2021   [Signature]
Date (mm/dd/yyyy)   Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____
Date (mm/dd/yyyy)   U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle;
CDL = Commercial driver's license; CMV = Commercial vehicle involved in incident

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

On September 26th, 2021, while exercising my duties as a law enforcement officer in the District of Arizona within the boundaries of Glen Canyon NRA at Lees Ferry I state the following:

At 0720 hours, prior to be being on duty, I observed two male and two females exiting a white Chevy pickup truck (AZ:       3) at Paria Beach Parking lot. One male had difficulty standing, appeared intoxicated and yelled "I am a Marine!" while stumbling.

The second male I observed being assisted from the driver's seat while holding a crushed can of Bud Light. The driver would later be identified as Darryl SECKLETSTEWA by an Arizona Identification Card. After he was out of the driver seat he was handed a cane.

On their walk out to Paria beach they carried a 12-pack of Bud Light and a large jug of Captain Morgan's Rum.

At 0722 hours I called Ranger Jackson to report these observations.

At 0730 hours I called into service and arrived at Paria Beach a few minutes later. At the time Ranger Jackson was speaking with Lee L. Robin who had been camping illegally at Paria beach. Robin had received incorrect information from Glen Canyon's helpline in regard to permissible areas to camp.

Robin stated he arrive at "around 9 PM" and that the beer cans littering the beach weren't there when he arrived. He heard the group of four come in "around midnight". Robin continued the group was "partying around for bit until around one'ish", and "that one passed out in the truck and other three slept in the sand".

In the Paria Beach Parking lot Ranger Jackson and I noted Bud Light cans on either side of the White Chevy truck, as well as a crumpled can on the passenger side floorboard and a case of beer in the backseat. While walking out to the beach I observed another five cans of Bud Light littered on the ground.

I found the group that I had observed earlier sitting together with 12-pack of Bud Light along the river now. The one who yelled "I am Marine" was now laying in the sand. The other two females in the group immediately stood up saying "we are leaving now". When asked who drove in this morning SECKLETSTEWA pointed to himself saying I did.

When asked how and when they arrived at Lees several conflicting narratives followed, as well as timelines that clearly indicated they were not aware of the time of day. When asked who drove here, they unanimously stated that it was SECKLETSTEWA.

While identifying the group members, Lavern R. Skacy was found to have extraditable warrant out of Coconino County for failure to appear. SECKLETSTEWA provided only an Arizona Identification card as his license had been suspended due to being convicted of extreme DUI Arizona in 2019.

I separated SECKLETSTEWA from the group as he indicated the group members were being dishonest

SECKLETSTEWA confirmed that they came to Lees Ferry at 6:30 PM the following day. SECKLETSTEWA confirmed that they "slept right out here last night", indicating Paria Beach where camping is illegal.

SECKLETSTEWA declared he not been drinking, saying "no sir". He denied being intoxicated as well.

Based on my observation of SECKLETSTEWA exiting the vehicle with a can of Bud Light his hand, his admission to driving, and the presence of alcohol containers within the vehicle I had reason to believe that SECKLETSTEWA may have been impaired by alcohol while operating a vehicle.

I chose to conduct the Seated Battery Standardized Field Sobriety Tests (SFSTs) due to SECKLETSTEWA inability to stand, balance or walk without assistance of a cane.

At approximately 0810 hour I began the SFSTs

On Horizontal Gaze Nystagmus (HGN) SECKLETSTEWA displayed four clues. Four being minimum criteria to indicate a Breath Alcohol Content (BrAC) of 0.08 or greater. SECKLETSTEWA also reported that he had four eye surgeries and the test strained his eyes. I gave him an opportunity to rest after each set of passes.

On the Finger to Nose test SECKLETSTEWA displayed eight clues, nine being the minimum criteria to indicate BrAC of 0.08.

On the Palm Pat Test, I observed that SECKLETSTEWA's was unable to complete the test as instructed due to a lack of mobility in his wrists.

On the Hand Coordination test SECKLETSTEWA displayed 6 clues with 4 being the minimum criteria to indicate at BrAC of 0.08 greater.

While explaining the preliminary breath test to SECKLETSTEWA interrupted and said, "I had a six-pack last night".

At 0828 hours SECKLETSTEWA provided a breath sample confirming the presence of alcohol within SECKLETSTEWA's body at the 0.120 BrAC.

Based on SECKLETSTEWA admission to consuming alcohol and driving, as well as my observations and investigation SECKLETSTEWA

was impaired by alcohol to a degree that rendered him incapable of safe operation of a motor vehicle.

At 0856 hours SECKLETSTEWA was arrested for driving under the influence of alcohol and while driving on a suspended license. SECKLETSTEWA was searched incident to arrest.

At 0926 hours I began transporting SECKLETSTEWA to Coconino County Detention Facility (CCDF) in Page Arizona. I read SECKLETSTEWA a Miranda advisement. SECKLETSTEWA acknowledge his understanding and continued to talk and conversate. I arrived at CCDF at 1015 hours.

At 1023 hours (Intoxilyzer time) I began a deprivation period. I inspected SECKLETSTEWA mouth for foreign substances and found none.

At 1030 hours I read SECKLETSTEWA his rights concerning NPS Implied Consent. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1032 hours I read SECKLETSTEWA the Duplicate Breath Test Advisory. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1042 hours I inspected SECKLETSTEWA's mouth for foreign substances and found none. As a certified Arizona intoxilyzer operator I readied an intoxilyzer 8000 (serial number: 80-006704).

- At 1043 hours SECKLETSTEWA provided a breath sample to the Intoxilyzer which indicated SECKLETSTEWA breath-alcohol-content (BrAC) level was 0.097 g/210L.
- At 1050 hours SECKLETSTEWA provided a second breath sample to the Intoxilyzer which indicated SECKLETSTEWA BrAC was 0.096 g/210L.

At 1102 hours I read SECKLETSTEWA Miranda Statement of Rights a second time. SECKLETSTEWA acknowledge his understanding of the rights once more and agreed to answer questions and signed the form.

At 1105 hours I began the impaired operator interview:

In the interview SECKLETSTEWA stated that he was driving this morning and had been consuming a large amount of alcohol the night prior.

At first SECKLETSTEWA minimized his alcohol intake saying he only had "couple of sips of Bud Light" this morning. Later he stated he had a beer when he woke up and drove to the service station.

When confronted with the results of the SFSTs and his BrAC SECKLETSTEWA admitted to consuming a 12-pack the night before, and then sleeping in the sand.

SECKLETSTEWA couldn't remember when he stopped drinking and couldn't remember the exact time that he drove the group to the service station.

After the service station the group returned to Paria Beach. While at the beach the second time SECKLETSTEWA confirmed that he not been consuming anymore alcohol.

At 1110 hours I concluded the interview.

I issued SECKLETSTEWA these five violation notices:

- VN: E1027810 36 CFR 4.23(a)(1): operating a motor vehicle under the influence of alcohol.
- VN E1027812 36 CFR 4.23(a)(2) Operating a motor vehicle with a BrAC 0.08 or greater.
- VN E1027813 36 CFR 4.2(b) adopting state law ARS 28-3473(a) driving while a license is suspended or revoked.
- VN E1027814 36 CFR 2.14(a)(1) littering
- VN E1027815 36 CFR 2.10(b)(10) camping in an undesignated area.

SECKLETSTEWA was later released to a third party that afternoon.

A106;   NP21233344;   21-4782

The foregoing statement is based upon:
☒ My personal observation   ☒ my personal investigation
☒ Information supplied to me from my fellow officer's observation
☐ Other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: ___09/26/2021___   _Gregory J Mallore_
   Date (mm/dd/yyyy)   Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: __11/23/2021__   _[signature]_
   Date (mm/dd/yyyy)   U.S. Magistrate Judge

# United States District Court
## Violation Notice
(Rev 1 2020)

| Location Code | Violation Number | Officer Name (Print) | Officer No |
|---|---|---|---|
| A106 | E 1027812 | G Mallbeure | 357 |

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged  CFR □ USC □ State Code |
|---|---|
| 09/26/2021 0856 | 36 CFR 4.23 (a)(2) |

Place of Offense: Lees Ferry Beach Parking lot

Offense Description Factual Basis for Charge: operating a motor vehicle w/ BrAC 7.08

### DEFENDANT INFORMATION

Last Name: Secletstewa
First Name: Darryl
MI: a/a

Street Address: [redacted]
City: Phoenix  State: AZ  Zip Code: 85021
Date of Birth: [redacted]

Drivers License No: [redacted]  D L State: AZ
Social Security No: [redacted]6747

☒ Adult  □ Juvenile  Sex: ☒ Male □ Female
Hair: Gry  Eyes: Bro  Height: 5'6"  Weight: 155

### VEHICLE

Tag No: [redacted]  State: AZ  Year: 05  Make/Model: Chevy P/U  Color: White

**APPEARANCE IS REQUIRED**

A ☒ If Box A is checked you must appear in court. See instructions

**APPEARANCE IS OPTIONAL**

B □ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions

$ ___ Forfeiture Amount
+ $30 Processing Fee

PAY THIS AMOUNT AT www.cvb.uscourts.gov → $ ___ Total Collateral Due

### YOUR COURT DATE
(If no court appearance date is shown you will be notified of your appearance date by mail)

Court Address: ___  Date: ___  Time: ___

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature: ___

Original CVB Copy

---

(For issuance of an arrest warrant or summons)

I state that on 09/26, 20 21 while exercising my duties as a law enforcement officer in the ___ District of AZ

See attached

-654

The foregoing statement is based upon:
☒ my personal observation
☒ my personal investigation
___ information supplied to me from my fellow officer's observation
___ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 09/26/2021   Officer's Signature: [signed]

Probable cause has been stated for the issuance of a warrant

Executed on: 11/23/2021   U.S. Magistrate Judge: [signed]

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle;
CDL = Commercial drivers license; CMV = Commercial vehicle involved in incident

STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

On September 26th, 2021, while exercising my duties as a law enforcement officer in the District of Arizona within the boundaries of Glen Canyon NRA at Lees Ferry I state the following:

At 0720 hours, prior to be being on duty, I observed two male and two females exiting a white Chevy pickup truck (AZ.         at Paria Beach Parking lot. One male had difficulty standing, appeared intoxicated and yelled "I am a Marine!" while stumbling.

The second male I observed being assisted from the driver's seat while holding a crushed can of Bud Light. The driver would later be identified as Darryl SECKLETSTEWA by an Arizona Identification Card. After he was out of the driver seat he was handed a cane.

On their walk out to Paria beach they carried a 12-pack of Bud Light and a large jug of Captain Morgan's Rum.

At 0722 hours I called Ranger Jackson to report these observations.

At 0730 hours I called into service and arrived at Paria Beach a few minutes later. At the time Ranger Jackson was speaking with Lee L. Robin who had been camping illegally at Paria beach. Robin had received incorrect information from Glen Canyon's helpline in regard to permissible areas to camp.

Robin stated he arrive at "around 9 PM" and that the beer cans littering the beach weren't there when he arrived. He heard the group of four come in "around midnight". Robin continued the group was "partying around for bit until around one'ish", and "that one passed out in the truck and other three slept in the sand".

In the Paria Beach Parking lot Ranger Jackson and I noted Bud Light cans on either side of the White Chevy truck, as well as a crumpled can on the passenger side floorboard and a case of beer in the backseat. While walking out to the beach I observed another five cans of Bud Light littered on the ground.

I found the group that I had observed earlier sitting together with 12-pack of Bud Light along the river now. The one who yelled "I am Marine" was now laying in the sand. The other two females in the group immediately stood up saying "we are leaving now". When asked who drove in this morning SECKLETSTEWA pointed to himself saying I did.

When asked how and when they arrived at Lees several conflicting narratives followed, as well as timelines that clearly indicated they were not aware of the time of day. When asked who drove here, they unanimously stated that it was SECKLETSTEWA.

While identifying the group members, Lavern R. Skacy was found to have extraditable warrant out of Coconino County for failure to appear. SECKLETSTEWA provided only an Arizona Identification card as his license had been suspended due to being convicted of extreme DUI Arizona in 2019.

I separated SECKLETSTEWA from the group as he indicated the group members were being dishonest

SECKLETSTEWA confirmed that they came to Lees Ferry at 6:30 PM the following day. SECKLETSTEWA confirmed that they "slept right out here last night", indicating Paria Beach where camping is illegal.

SECKLETSTEWA declared he not been drinking, saying "no sir". He denied being intoxicated as well.

Based on my observation of SECKLETSTEWA exiting the vehicle with a can of Bud Light his hand, his admission to driving, and the presence of alcohol containers within the vehicle I had reason to believe that SECKLETSTEWA may have been impaired by alcohol while operating a vehicle.

I chose to conduct the Seated Battery Standardized Field Sobriety Tests (SFSTs) due to SECKLETSTEWA inability to stand, balance or walk without assistance of a cane.

At approximately 0810 hour I began the SFSTs

On Horizontal Gaze Nystagmus (HGN) SECKLETSTEWA displayed four clues. Four being minimum criteria to indicate a Breath Alcohol Content (BrAC) of 0.08 or greater. SECKLETSTEWA also reported that he had four eye surgeries and the test strained his eyes. I gave him an opportunity to rest after each set of passes.

On the Finger to Nose test SECKLETSTEWA displayed eight clues, nine being the minimum criteria to indicate BrAC of 0.08.

On the Palm Pat Test, I observed that SECKLETSTEWA's was unable to complete the test as instructed due to a lack of mobility in his wrists.

On the Hand Coordination test SECKLETSTEWA displayed 6 clues with 4 being the minimum criteria to indicate at BrAC of 0.08 greater.

While explaining the preliminary breath test to SECKLETSTEWA interrupted and said, "I had a six-pack last night".

At 0828 hours SECKLETSTEWA provided a breath sample confirming the presence of alcohol within SECKLETSTEWA's body at the 0.120 BrAC.

Based on SECKLETSTEWA admission to consuming alcohol and driving, as well as my observations and investigation SECKLETSTEWA

was impaired by alcohol to a degree that rendered him in capable of safe operation of a motor vehicle.

At 0856 hours SECKLETSTEWA was arrested for driving under the influence of alcohol and while driving on a suspended license. SECKLETSTEWA was searched incident to arrest.

At 0926 hours I began transporting SECKLETSTEWA to Coconino County Detention Facility (CCDF) in Page Arizona. I read SECKLETSTEWA a Miranda advisement. SECKLETSTEWA acknowledge his understanding and continued to talk and conversate. I arrived at CCDF at 1015 hours.

At 1023 hours (Intoxilyzer time) I began a deprivation period. I inspected SECKLETSTEWA mouth for foreign substances and found none.

At 1030 hours I read SECKLETSTEWA his rights concerning NPS Implied Consent. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1032 hours I read SECKLETSTEWA the Duplicate Breath Test Advisory. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1042 hours I inspected SECKLETSTEWA's mouth for foreign substances and found none. As a certified Arizona intoxilyzer operator I readied an intoxilyzer 8000 (serial number: 80-006704).

- At 1043 hours SECKLETSTEWA provided a breath sample to the Intoxilyzer which indicated SECKLETSTEWA breath-alcohol-content (BrAC) level was 0.097 g/210L.
- At 1050 hours SECKLETSTEWA provided a second breath sample to the Intoxilyzer which indicated SECKLETSTEWA BrAC was 0.096 g/210L.

At 1102 hours I read SECKLETSTEWA Miranda Statement of Rights a second time. SECKLETSTEWA acknowledge his understanding of the rights once more and agreed to answer questions and signed the form.

At 1105 hours I began the impaired operator interview:

In the interview SECKLETSTEWA stated that he was driving this morning and had been consuming a large amount of alcohol the night prior.

At first SECKLETSTEWA minimized his alcohol intake saying he only had "couple of sips of Bud Light" this morning. Later he stated he had a beer when he woke up and drove to the service station.

When confronted with the results of the SFSTs and his BrAC SECKLETSTEWA admitted to consuming a 12-pack the night before, and then sleeping in the sand.

SECKLETSTEWA couldn't remember when he stopped drinking and couldn't remember the exact time that he drove the group to the service station.

After the service station the group returned to Paria Beach. While at the beach the second time SECKLETSTEWA confirmed that he not been consuming anymore alcohol.

At 1110 hours I concluded the interview.

I issued SECKLETSTEWA these five violation notices:

- VN: E1027810 36 CFR 4.23(a)(1): operating a motor vehicle under the influence of alcohol.
- VN E1027812 36 CFR 4.23(a)(2) Operating a motor vehicle with a BrAC 0.08 or greater.
- VN E1027813 36 CFR 4.2(b) adopting state law ARS 28-3473(a) driving while a license is suspended or revoked.
- VN E1027814 36 CFR 2.14(a)(1) littering
- VN E1027815 36 CFR 2.10(b)(10) camping in an undesignated area.

SECKLETSTEWA was later released to a third party that afternoon.

A106;   NP21233344;   21-4782

The foregoing statement is based upon:
☒ My personal observation   ☒ my personal investigation
☒ Information supplied to me from my fellow officer's observation
☐ Other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: ___09/26/2021___   _[signature]_
                Date (mm/dd/yyyy)        Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: ___11/23/2021___   _[signature]_
                Date (mm/dd/yyyy)        U.S. Magistrate Judge

# Violation Notice
(Rev. 1/2020)

| Location Code | Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|---|
| A106 | E 1027813 | G Mallowe | 357 |

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

Date and Time of Offense (mm/dd/yyyy): 09/26/2021 0856
Offense Charged (CFR / USC / State Code): 36 CFR 4.2 (b) ARS 28-3473 A
Place of Offense: Lees Ferry Beach Parking lot
Offense Description / Factual Basis for Charge: Driving w/ revoked suspended license

## DEFENDANT INFORMATION

Last Name: Secletstewa
First Name: Darryl
MI: n/a
Street Address: [redacted]
City: Phoenix
State: AZ
Zip Code: 85021
Date of Birth: __/__/1954
Drivers License No: [redacted]
D.L. State: AZ
Social Security No: ___-__-0747

Adult ☒  Juvenile ☐   Sex: Male ☒  Female ☐
Hair: Gry   Eyes: Bro   Height: 5'6"   Weight: 155

## VEHICLE
Tag No: [redacted]
State: AZ
Year: 05
Make/Model: Chevy P/U
Color: White

**APPEARANCE IS REQUIRED**
A ☒ If Box A is checked, you must appear in court. See instructions.

**APPEARANCE IS OPTIONAL**
B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

Forfeiture Amount: $
+ $30 Processing Fee

PAY THIS AMOUNT AT www.cvb.uscourts.gov → Total Collateral Due: $

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)
Court Address: 
Date: 
Time: 

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature: 

Original - CVB Copy

*E1027813*

---

(For issuance of an arrest warrant or summons)

I state that on 09/26, 20 21 while exercising my duties as a law enforcement officer in the _____ District of AZ

See Attached

—GSM

The foregoing statement is based upon:
☒ my personal observation   ☒ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 09/26/2021
Officer's Signature: [signed]

Probable cause has been stated for the issuance of a warrant.

Executed on: 11/23/2021
U.S. Magistrate Judge: [signed]

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle; CDL = Commercial drivers license; CMV = Commercial vehicle involved in incident

STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

On September 26th, 2021, while exercising my duties as a law enforcement officer in the District of Arizona within the boundaries of Glen Canyon NRA at Lees Ferry I state the following:

At 0720 hours, prior to be being on duty, I observed two male and two females exiting a white Chevy pickup truck (AZ         at Paria Beach Parking lot. One male had difficulty standing, appeared intoxicated and yelled "I am a Marine!" while stumbling.

The second male I observed being assisted from the driver's seat while holding a crushed can of Bud Light. The driver would later be identified as Darryl SECKLETSTEWA by an Arizona Identification Card. After he was out of the driver seat he was handed a cane.

On their walk out to Paria beach they carried a 12-pack of Bud Light and a large jug of Captain Morgan's Rum.

At 0722 hours I called Ranger Jackson to report these observations.

At 0730 hours I called into service and arrived at Paria Beach a few minutes later. At the time Ranger Jackson was speaking with Lee L. Robin who had been camping illegally at Paria beach. Robin had received incorrect information from Glen Canyon's helpline in regard to permissible areas to camp.

Robin stated he arrive at "around 9 PM" and that the beer cans littering the beach weren't there when he arrived. He heard the group of four come in "around midnight". Robin continued the group was "partying around for bit until around one'ish", and "that one passed out in the truck and other three slept in the sand".

In the Paria Beach Parking lot Ranger Jackson and I noted Bud Light cans on either side of the White Chevy truck, as well as a crumpled can on the passenger side floorboard and a case of beer in the backseat. While walking out to the beach I observed another five cans of Bud Light littered on the ground.

I found the group that I had observed earlier sitting together with 12-pack of Bud Light along the river now. The one who yelled "I am Marine" was now laying in the sand. The other two females in the group immediately stood up saying "we are leaving now". When asked who drove in this morning SECKLETSTEWA pointed to himself saying I did.

When asked how and when they arrived at Lees several conflicting narratives followed, as well as timelines that clearly indicated they were not aware of the time of day. When asked who drove here, they unanimously stated that it was SECKLETSTEWA.

While identifying the group members, Lavern R. Skacy was found to have extraditable warrant out of Coconino County for failure to appear. SECKLETSTEWA provided only an Arizona Identification card as his license had been suspended due to being convicted of extreme DUI Arizona in 2019.

I separated SECKLETSTEWA from the group as he indicated the group members were being dishonest

SECKLETSTEWA confirmed that they came to Lees Ferry at 6:30 PM the following day. SECKLETSTEWA confirmed that they "slept right out here last night", indicating Paria Beach where camping is illegal.

SECKLETSTEWA declared he not been drinking, saying "no sir". He denied being intoxicated as well.

Based on my observation of SECKLETSTEWA exiting the vehicle with a can of Bud Light his hand, his admission to driving, and the presence of alcohol containers within the vehicle I had reason to believe that SECKLETSTEWA may have been impaired by alcohol while operating a vehicle.

I chose to conduct the Seated Battery Standardized Field Sobriety Tests (SFSTs) due to SECKLETSTEWA inability to stand, balance or walk without assistance of a cane.

At approximately 0810 hour I began the SFSTs

On Horizontal Gaze Nystagmus (HGN) SECKLETSTEWA displayed four clues. Four being minimum criteria to indicate a Breath Alcohol Content (BrAC) of 0.08 or greater. SECKLETSTEWA also reported that he had four eye surgeries and the test strained his eyes. I gave him an opportunity to rest after each set of passes.

On the Finger to Nose test SECKLETSTEWA displayed eight clues, nine being the minimum criteria to indicate BrAC of 0.08.

On the Palm Pat Test, I observed that SECKLETSTEWA's was unable to complete the test as instructed due to a lack of mobility in his wrists.

On the Hand Coordination test SECKLETSTEWA displayed 6 clues with 4 being the minimum criteria to indicate at BrAC of 0.08 greater.

While explaining the preliminary breath test to SECKLETSTEWA interrupted and said, "I had a six-pack last night".

At 0828 hours SECKLETSTEWA provided a breath sample confirming the presence of alcohol within SECKLETSTEWA's body at the 0.120 BrAC.

Based on SECKLETSTEWA admission to consuming alcohol and driving, as well as my observations and investigation SECKLETSTEWA

was impaired by alcohol to a degree that rendered him in capable of safe operation of a motor vehicle.

At 0856 hours SECKLETSTEWA was arrested for driving under the influence of alcohol and while driving on a suspended license. SECKLETSTEWA was searched incident to arrest.

At 0926 hours I began transporting SECKLETSTEWA to Coconino County Detention Facility (CCDF) in Page Arizona. I read SECKLETSTEWA a Miranda advisement. SECKLETSTEWA acknowledge his understanding and continued to talk and conversate. I arrived at CCDF at 1015 hours.

At 1023 hours (Intoxilyzer time) I began a deprivation period. I inspected SECKLETSTEWA mouth for foreign substances and found none.

At 1030 hours I read SECKLETSTEWA his rights concerning NPS Implied Consent. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1032 hours I read SECKLETSTEWA the Duplicate Breath Test Advisory. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1042 hours I inspected SECKLETSTEWA's mouth for foreign substances and found none. As a certified Arizona intoxilyzer operator I readied an intoxilyzer 8000 (serial number: 80-006704).

- At 1043 hours SECKLETSTEWA provided a breath sample to the Intoxilyzer which indicated SECKLETSTEWA breath-alcohol-content (BrAC) level was 0.097 g/210L.
- At 1050 hours SECKLETSTEWA provided a second breath sample to the Intoxilyzer which indicated SECKLETSTEWA BrAC was 0.096 g/210L.

At 1102 hours I read SECKLETSTEWA Miranda Statement of Rights a second time. SECKLETSTEWA acknowledge his understanding of the rights once more and agreed to answer questions and signed the form.

At 1105 hours I began the impaired operator interview:

In the interview SECKLETSTEWA stated that he was driving this morning and had been consuming a large amount of alcohol the night prior.

At first SECKLETSTEWA minimized his alcohol intake saying he only had "couple of sips of Bud Light" this morning. Later he stated he had a beer when he woke up and drove to the service station.

When confronted with the results of the SFSTs and his BrAC SECKLETSTEWA admitted to consuming a 12-pack the night before, and then sleeping in the sand.

SECKLETSTEWA couldn't remember when he stopped drinking and couldn't remember the exact time that he drove the group to the service station.

After the service station the group returned to Paria Beach. While at the beach the second time SECKLETSTEWA confirmed that he not been consuming anymore alcohol.

At 1110 hours I concluded the interview.

I issued SECKLETSTEWA these five violation notices:

- VN: E1027810 36 CFR 4.23(a)(1): operating a motor vehicle under the influence of alcohol.
- VN E1027812 36 CFR 4.23(a)(2) Operating a motor vehicle with a BrAC 0.08 or greater.
- VN E1027813 36 CFR 4.2(b) adopting state law ARS 28-3473(a) driving while a license is suspended or revoked.
- VN E1027814 36 CFR 2.14(a)(1) littering
- VN E1027815 36 CFR 2.10(b)(10) camping in an undesignated area.

SECKLETSTEWA was later released to a third party that afternoon.

A106;   NP21233344;   21-4782

The foregoing statement is based upon:
☒ My personal observation   ☒ my personal investigation
☒ Information supplied to me from my fellow officer's observation
☐ Other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____09/26/2021_____   *[signature: Gregory S Mallorce]*

Date (mm/dd/yyyy)   Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: __11/23/2021__   *[signature]*
Date (mm/dd/yyyy)   U.S. Magistrate Judge

## Violation Notice
(Rev 1/2020)

| Location Code | Violation Number | Officer Name (Print) | Officer No |
|---|---|---|---|
| A106 | E 1027814 | G. Mahone | 357 |

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged  CFR  USC  State Code |
|---|---|
| 09/26/2021 0856 | 36 CFR 2.14 (a)(1) |

Place of Offense: Lees Ferry Paria Beach Parking lot

Offense Description Factual Basis for Charge: Littering

**DEFENDANT INFORMATION**

| Last Name | First Name | MI |
|---|---|---|
| Sakletstewa | Darryl | n/a |

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| Phoenix | AZ | 85021 | 06/18/1954 |

Drivers License No: (partial) -6747
D/L State: AZ

Adult ☒  Juvenile ☐   Sex: Male ☒ Female ☐
Hair: Gry   Eyes: Bn   Height: 155   Weight: 5'6"

**VEHICLE**

| Tag No | State | Year | Make/Model | PASS | Color |
|---|---|---|---|---|---|
|  | AZ | 05 | Chevy P/U |  | White |

APPEARANCE IS REQUIRED
A ☒ If Box A is checked, you must appear in court. See instructions.

APPEARANCE IS OPTIONAL
B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

$ _____ Forfeiture Amount
+ $30 Processing Fee
PAY THIS AMOUNT AT www.cvb.uscourts.gov →
$ _____ Total Collateral Due

**YOUR COURT DATE**

---

(For issuance of an arrest warrant or summons)

I state that on 09/26, 20 21 while exercising my duties as a law enforcement officer in the _____ District of AZ

See attached

-GSM

The foregoing statement is based upon
☒ my personal observation   ☒ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge

Executed on 09/26/2021

Probable cause has been stated for the issuance of a warrant

Executed on: 11/23/2021   U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle; CDL = Commercial drivers license;  CMV = Commercial vehicle involved in incident

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

On September 26th, 2021, while exercising my duties as a law enforcement officer in the District of Arizona within the boundaries of Glen Canyon NRA at Lees Ferry I state the following:

At 0720 hours, prior to be being on duty, I observed two male and two females exiting a white Chevy pickup truck (AZ _____) t Paria Beach Parking lot. One male had difficulty standing, appeared intoxicated and yelled "I am a Marine!" while stumbling.

The second male I observed being assisted from the driver's seat while holding a crushed can of Bud Light. The driver would later be identified as Darryl SECKLETSTEWA by an Arizona Identification Card. After he was out of the driver seat he was handed a cane.

On their walk out to Paria beach they carried a 12-pack of Bud Light and a large jug of Captain Morgan's Rum.

At 0722 hours I called Ranger Jackson to report these observations.

At 0730 hours I called into service and arrived at Paria Beach a few minutes later. At the time Ranger Jackson was speaking with Lee L. Robin who had been camping illegally at Paria beach. Robin had received incorrect information from Glen Canyon's helpline in regard to permissible areas to camp.

Robin stated he arrive at "around 9 PM" and that the beer cans littering the beach weren't there when he arrived. He heard the group of four come in "around midnight". Robin continued the group was "partying around for bit until around one'ish", and "that one passed out in the truck and other three slept in the sand".

In the Paria Beach Parking lot Ranger Jackson and I noted Bud Light cans on either side of the White Chevy truck, as well as a crumpled can on the passenger side floorboard and a case of beer in the backseat. While walking out to the beach I observed another five cans of Bud Light littered on the ground.

I found the group that I had observed earlier sitting together with 12-pack of Bud Light along the river now. The one who yelled "I am Marine" was now laying in the sand. The other two females in the group immediately stood up saying "we are leaving now". When asked who drove in this morning SECKLETSTEWA pointed to himself saying I did.

When asked how and when they arrived at Lees several conflicting narratives followed, as well as timelines that clearly indicated they were not aware of the time of day. When asked who drove here, they unanimously stated that it was SECKLETSTEWA.

While identifying the group members, Lavern R. Skacy was found to have extraditable warrant out of Coconino County for failure to appear. SECKLETSTEWA provided only an Arizona Identification card as his license had been suspended due to being convicted of extreme DUI Arizona in 2019.

I separated SECKLETSTEWA from the group as he indicated the group members were being dishonest

SECKLETSTEWA confirmed that they came to Lees Ferry at 6:30 PM the following day. SECKLETSTEWA confirmed that they "slept right out here last night", indicating Paria Beach where camping is illegal.

SECKLETSTEWA declared he not been drinking, saying "no sir". He denied being intoxicated as well.

Based on my observation of SECKLETSTEWA exiting the vehicle with a can of Bud Light his hand, his admission to driving, and the presence of alcohol containers within the vehicle I had reason to believe that SECKLETSTEWA may have been impaired by alcohol while operating a vehicle.

I chose to conduct the Seated Battery Standardized Field Sobriety Tests (SFSTs) due to SECKLETSTEWA inability to stand, balance or walk without assistance of a cane.

At approximately 0810 hour I began the SFSTs

On Horizontal Gaze Nystagmus (HGN) SECKLETSTEWA displayed four clues. Four being minimum criteria to indicate a Breath Alcohol Content (BrAC) of 0.08 or greater. SECKLETSTEWA also reported that he had four eye surgeries and the test strained his eyes. I gave him an opportunity to rest after each set of passes.

On the Finger to Nose test SECKLETSTEWA displayed eight clues, nine being the minimum criteria to indicate BrAC of 0.08.

On the Palm Pat Test, I observed that SECKLETSTEWA's was unable to complete the test as instructed due to a lack of mobility in his wrists.

On the Hand Coordination test SECKLETSTEWA displayed 6 clues with 4 being the minimum criteria to indicate at BrAC of 0.08 greater.

While explaining the preliminary breath test to SECKLETSTEWA interrupted and said, "I had a six-pack last night".

At 0828 hours SECKLETSTEWA provided a breath sample confirming the presence of alcohol within SECKLETSTEWA's body at the 0.120 BrAC.

Based on SECKLETSTEWA admission to consuming alcohol and driving, as well as my observations and investigation SECKLETSTEWA

was impaired by alcohol to a degree that rendered him in capable of safe operation of a motor vehicle.

At 0856 hours SECKLETSTEWA was arrested for driving under the influence of alcohol and while driving on a suspended license. SECKLETSTEWA was searched incident to arrest.

At 0926 hours I began transporting SECKLETSTEWA to Coconino County Detention Facility (CCDF) in Page Arizona. I read SECKLETSTEWA a Miranda advisement. SECKLETSTEWA acknowledge his understanding and continued to talk and conversate. I arrived at CCDF at 1015 hours.

At 1023 hours (Intoxilyzer time) I began a deprivation period. I inspected SECKLETSTEWA mouth for foreign substances and found none.

At 1030 hours I read SECKLETSTEWA his rights concerning NPS Implied Consent. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1032 hours I read SECKLETSTEWA the Duplicate Breath Test Advisory. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1042 hours I inspected SECKLETSTEWA's mouth for foreign substances and found none. As a certified Arizona intoxilyzer operator I readied an intoxilyzer 8000 (serial number: 80-006704).

- At 1043 hours SECKLETSTEWA provided a breath sample to the Intoxilyzer which indicated SECKLETSTEWA breath-alcohol-content (BrAC) level was 0.097 g/210L.
- At 1050 hours SECKLETSTEWA provided a second breath sample to the Intoxilyzer which indicated SECKLETSTEWA BrAC was 0.096 g/210L.

At 1102 hours I read SECKLETSTEWA Miranda Statement of Rights a second time. SECKLETSTEWA acknowledge his understanding of the rights once more and agreed to answer questions and signed the form.

At 1105 hours I began the impaired operator interview:

In the interview SECKLETSTEWA stated that he was driving this morning and had been consuming a large amount of alcohol the night prior.

At first SECKLETSTEWA minimized his alcohol intake saying he only had "couple of sips of Bud Light" this morning. Later he stated he had a beer when he woke up and drove to the service station.

When confronted with the results of the SFSTs and his BrAC SECKLETSTEWA admitted to consuming a 12-pack the night before, and then sleeping in the sand.

SECKLETSTEWA couldn't remember when he stopped drinking and couldn't remember the exact time that he drove the group to the service station.

After the service station the group returned to Paria Beach. While at the beach the second time SECKLETSTEWA confirmed that he not been consuming anymore alcohol.

At 1110 hours I concluded the interview.

I issued SECKLETSTEWA these five violation notices:

- VN: E1027810 36 CFR 4.23(a)(1): operating a motor vehicle under the influence of alcohol.
- VN E1027812 36 CFR 4.23(a)(2) Operating a motor vehicle with a BrAC 0.08 or greater.
- VN E1027813 36 CFR 4.2(b) adopting state law ARS 28-3473(a) driving while a license is suspended or revoked.
- VN E1027814 36 CFR 2.14(a)(1) littering
- VN E1027815 36 CFR 2.10(b)(10) camping in an undesignated area.

SECKLETSTEWA was later released to a third party that afternoon.

A106;   NP21233344;   21-4782

The foregoing statement is based upon:
☒ My personal observation   ☒ my personal investigation
☒ Information supplied to me from my fellow officer's observation
☐ Other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____09/26/2021_____   _Gregory J Mallovee_
                Date (mm/dd/yyyy)        Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____11/23/2021_____   _[signature]_
                Date (mm/dd/yyyy)        U.S. Magistrate Judge

# Violation Notice

(Rev. 1/2020)

| Location Code | Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|---|
| A106 | E 1027815 | G. Mallowe | 357 |

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged | CFR | USC | State Code |
|---|---|---|---|---|
| 09/26/2021 0896 | 36 CFR 2.10(b)(10) | | | |

**Place of Offense:** Lees Ferry Parier Beach Parking lot

**Offense Description / Factual Basis for Charge:** Camping outside of designated area

### DEFENDANT INFORMATION

- Last Name: Secketstewa
- First Name: Darryl
- MI: n/a
- City: Phoenix
- State: AZ
- Zip Code: 85021
- Date of Birth: /  /1954
- Drivers License No: -0797
- DL State: AZ
- Adult, Sex: Male
- Hair: Grn (Bm)
- Eyes: Bro
- Height: 5'6"
- Weight: 158

### VEHICLE

- Tag No: NP212332
- State: AZ
- Year: 05
- Make/Model: Chev PU
- Color: White

**APPEARANCE IS REQUIRED** — Box A checked

**PAY THIS AMOUNT AT** www.cvb.uscourts.gov

### YOUR COURT DATE

---

(For issuance of an arrest warrant or summons)

I state that on 09/26 20 21 while exercising my duties as a law enforcement officer in the District of AZ

See Attached

—GJM

The foregoing statement is based upon:
X my personal observation
X my personal investigation

Executed on: 09/26/2021  [Officer's Signature]

Probable cause has been stated for the issuance of a warrant.

Executed on: 11/23/2021  [U.S. Magistrate Judge signature]

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

On September 26th, 2021, while exercising my duties as a law enforcement officer in the District of Arizona within the boundaries of Glen Canyon NRA at Lees Ferry I state the following:

At 0720 hours, prior to be being on duty, I observed two male and two females exiting a white Chevy pickup truck (AZ:          at Paria Beach Parking lot. One male had difficulty standing, appeared intoxicated and yelled "I am a Marine!" while stumbling.

The second male I observed being assisted from the driver's seat while holding a crushed can of Bud Light. The driver would later be identified as Darryl SECKLETSTEWA by an Arizona Identification Card. After he was out of the driver seat he was handed a cane.

On their walk out to Paria beach they carried a 12-pack of Bud Light and a large jug of Captain Morgan's Rum.

At 0722 hours I called Ranger Jackson to report these observations.

At 0730 hours I called into service and arrived at Paria Beach a few minutes later. At the time Ranger Jackson was speaking with Lee L. Robin who had been camping illegally at Paria beach. Robin had received incorrect information from Glen Canyon's helpline in regard to permissible areas to camp.

Robin stated he arrive at "around 9 PM" and that the beer cans littering the beach weren't there when he arrived. He heard the group of four come in "around midnight" . Robin continued the group was "partying around for bit until around one'ish", and "that one passed out in the truck and other three slept in the sand".

In the Paria Beach Parking lot Ranger Jackson and I noted Bud Light cans on either side of the White Chevy truck, as well as a crumpled can on the passenger side floorboard and a case of beer in the backseat. While walking out to the beach I observed another five cans of Bud Light littered on the ground.

I found the group that I had observed earlier sitting together with 12-pack of Bud Light along the river now. The one who yelled "I am Marine" was now laying in the sand. The other two females in the group immediately stood up saying "we are leaving now". When asked who drove in this morning SECKLETSTEWA pointed to himself saying I did.

When asked how and when they arrived at Lees several conflicting narratives followed, as well as timelines that clearly indicated they were not aware of the time of day. When asked who drove here, they unanimously stated that it was SECKLETSTEWA.

While identifying the group members, Lavern R. Skacy was found to have extraditable warrant out of Coconino County for failure to appear. SECKLETSTEWA provided only an Arizona Identification card as his license had been suspended due to being convicted of extreme DUI Arizona in 2019.

I separated SECKLETSTEWA from the group as he indicated the group members were being dishonest

SECKLETSTEWA confirmed that they came to Lees Ferry at 6:30 PM the following day. SECKLETSTEWA confirmed that they "slept right out here last night", indicating Paria Beach where camping is illegal.

SECKLETSTEWA declared he not been drinking, saying "no sir". He denied being intoxicated as well.

Based on my observation of SECKLETSTEWA exiting the vehicle with a can of Bud Light his hand, his admission to driving, and the presence of alcohol containers within the vehicle I had reason to believe that SECKLETSTEWA may have been impaired by alcohol while operating a vehicle.

I chose to conduct the Seated Battery Standardized Field Sobriety Tests (SFSTs) due to SECKLETSTEWA inability to stand, balance or walk without assistance of a cane.

At approximately 0810 hour I began the SFSTs

On Horizontal Gaze Nystagmus (HGN) SECKLETSTEWA displayed four clues. Four being minimum criteria to indicate a Breath Alcohol Content (BrAC) of 0.08 or greater. SECKLETSTEWA also reported that he had four eye surgeries and the test strained his eyes. I gave him an opportunity to rest after each set of passes.

On the Finger to Nose test SECKLETSTEWA displayed eight clues, nine being the minimum criteria to indicate BrAC of 0.08.

On the Palm Pat Test, I observed that SECKLETSTEWA's was unable to complete the test as instructed due to a lack of mobility in his wrists.

On the Hand Coordination test SECKLETSTEWA displayed 6 clues with 4 being the minimum criteria to indicate at BrAC of 0.08 greater.

While explaining the preliminary breath test to SECKLETSTEWA interrupted and said, "I had a six-pack last night".

At 0828 hours SECKLETSTEWA provided a breath sample confirming the presence of alcohol within SECKLETSTEWA's body at the 0.120 BrAC.

Based on SECKLETSTEWA admission to consuming alcohol and driving, as well as my observations and investigation SECKLETSTEWA

was impaired by alcohol to a degree that rendered him in capable of safe operation of a motor vehicle.

At 0856 hours SECKLETSTEWA was arrested for driving under the influence of alcohol and while driving on a suspended license. SECKLETSTEWA was searched incident to arrest.

At 0926 hours I began transporting SECKLETSTEWA to Coconino County Detention Facility (CCDF) in Page Arizona. I read SECKLETSTEWA a Miranda advisement. SECKLETSTEWA acknowledge his understanding and continued to talk and conversate. I arrived at CCDF at 1015 hours.

At 1023 hours (Intoxilyzer time) I began a deprivation period. I inspected SECKLETSTEWA mouth for foreign substances and found none.

At 1030 hours I read SECKLETSTEWA his rights concerning NPS Implied Consent. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1032 hours I read SECKLETSTEWA the Duplicate Breath Test Advisory. SECKLETSTEWA acknowledge his understanding and signed the form.

At 1042 hours I inspected SECKLETSTEWA's mouth for foreign substances and found none. As a certified Arizona intoxilyzer operator I readied an intoxilyzer 8000 (serial number: 80-006704).

- At 1043 hours SECKLETSTEWA provided a breath sample to the Intoxilyzer which indicated SECKLETSTEWA breath-alcohol-content (BrAC) level was 0.097 g/210L.
- At 1050 hours SECKLETSTEWA provided a second breath sample to the Intoxilyzer which indicated SECKLETSTEWA BrAC was 0.096 g/210L.

At 1102 hours I read SECKLETSTEWA Miranda Statement of Rights a second time. SECKLETSTEWA acknowledge his understanding of the rights once more and agreed to answer questions and signed the form.

At 1105 hours I began the impaired operator interview:

In the interview SECKLETSTEWA stated that he was driving this morning and had been consuming a large amount of alcohol the night prior.

At first SECKLETSTEWA minimized his alcohol intake saying he only had "couple of sips of Bud Light" this morning. Later he stated he had a beer when he woke up and drove to the service station.

When confronted with the results of the SFSTs and his BrAC SECKLETSTEWA admitted to consuming a 12-pack the night before, and then sleeping in the sand.

SECKLETSTEWA couldn't remember when he stopped drinking and couldn't remember the exact time that he drove the group to the service station.

After the service station the group returned to Paria Beach. While at the beach the second time SECKLETSTEWA confirmed that he not been consuming anymore alcohol.

At 1110 hours I concluded the interview.

I issued SECKLETSTEWA these five violation notices:

- VN: E1027810 36 CFR 4.23(a)(1): operating a motor vehicle under the influence of alcohol.
- VN E1027812 36 CFR 4.23(a)(2) Operating a motor vehicle with a BrAC 0.08 or greater.
- VN E1027813 36 CFR 4.2(b) adopting state law ARS 28-3473(a) driving while a license is suspended or revoked.
- VN E1027814 36 CFR 2.14(a)(1) littering
- VN E1027815 36 CFR 2.10(b)(10) camping in an undesignated area.

SECKLETSTEWA was later released to a third party that afternoon.

A106;   NP21233344;   21-4782

The foregoing statement is based upon:
☒ My personal observation   ☒ my personal investigation
☒ Information supplied to me from my fellow officer's observation
☐ Other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _09/26/2021_   _[signed] Gregory S Mallovee_

Date (mm/dd/yyyy)   Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _11/23/2021_   _[signed]_

Date (mm/dd/yyyy)   U.S. Magistrate Judge